**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————X

In re:

CHRISTIAN ALEKSANDER VARGAS,

Debtor.

———————————————————X

CHRISTIAN ALEKSANDER VARGAS,

Appellant,

-v-

U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE,

Appellee.

———————————————————X

Case No. 26-CV-05587 (RA)

For the reasons articulated by the Bankruptcy Court in its Memorandum Opinion and Order granting in part Appellant's motion for a stay pending appeal, *In re Vargas*, No. 25-12734 (JPM), Dkt. No. 44, the scheduled foreclosure sale of the Appellant's residential property located at 155 East 2nd Street, Apartment 2D, New York 10009 shall be stayed pending resolution of this appeal. The Court incorporates the security and payment conditions imposed by the Bankruptcy Court. The Clerk of Court is directed to mail a copy of this Order to Appellant.

SO ORDERED.

Hon. Ronnie Abrams
August 7, 2026

**APPELLANT'S MOTION TO CONTINUE STAY PENDING APPEAL UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 8007(b)**

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that Appellant Christian Aleksander Vargas, appearing pro se, moves this Court pursuant to Federal Rule of Bankruptcy Procedure 8007(b) for an order continuing the limited stay pending appeal entered by the United States Bankruptcy Court for the Southern District of New York on July 6, 2026, in In re Vargas, Case No. 25-12734 (JPM), Bankruptcy Dkt. No. 44, until this Court resolves the appeal or enters further order.

Appellant respectfully requests that the Court continue the stay on the conditions imposed by the Bankruptcy Court, or on such other conditions as this Court considers appropriate, so that this appeal is not rendered practically meaningless by a disposition of Appellant's primary residence before appellate review is completed.

**MEMORANDUM OF LAW**

**PRELIMINARY STATEMENT**

The Bankruptcy Court has already determined, following an emergency hearing and full briefing, that a limited stay is warranted. It found that foreclosure of Appellant's primary residence would create actual and imminent irreparable injury; that the balance of harms favored Appellant; that temporary delay would not substantially prejudice Appellee; and that preserving meaningful appellate review was an important public interest. See Bankruptcy Dkt. No. 44.

The Bankruptcy Court found that the likelihood-of-success factor weighed against Appellant because the appeal challenges the denial of relief under Federal Rule of Civil Procedure 60(b), which is reviewed for

abuse of discretion. Nevertheless, after balancing all four factors, it held that the totality of the circumstances justified a conditional stay. The scheduled July 7, 2026 sale was canceled, and the property remains preserved because of that stay.

Appellant now asks this Court to continue that protection while it considers the appeal. Appellant does not seek to erase Appellee's debt or permanently prohibit enforcement. He seeks only to preserve his home, cooperative shares, proprietary-lease rights, employment stability, and Chapter 13 reorganization while this Court reviews the issues presented.

**BACKGROUND**

1. Appellant is the Chapter 13 debtor in Bankruptcy Case No. 25-12734 (JPM). His primary residence is an HDFC cooperative apartment located at 155 East 2nd Street, Apartment 2D, New York, New York.
2. On March 23, 2026, the Bankruptcy Court entered an order granting Appellee relief from the automatic stay. Bankruptcy Dkt. No. 23.
3. Appellant moved pursuant to Bankruptcy Rule 9024 and Civil Rule 60(b) to vacate that order. Bankruptcy Dkt. No. 25. On June 26, 2026, the Bankruptcy Court denied that motion. Bankruptcy Dkt. No. 35.
4. Appellant timely filed a Notice of Appeal, commencing this District Court action. Bankruptcy Dkt. No. 36.
5. Appellant then moved first in the Bankruptcy Court for a stay pending appeal pursuant to Rule 8007(a). Bankruptcy Dkt. No. 37. Appellee opposed that request. Bankruptcy Dkt. No. 42.
6. On July 6, 2026, the Bankruptcy Court granted Appellant's motion in part and entered a limited conditional stay. Bankruptcy Dkt. No. 44. It found that Appellant had established irreparable injury, that the balance of harms favored a stay, that temporary delay was unlikely to prejudice Appellee, and that preserving meaningful appellate review supported interim protection.
7. The Bankruptcy Court conditioned continuation of the stay on, among other things: filing this motion by July 20, 2026; filing an amended Schedule I with current income proof by July 20, 2026; tendering $4,489.44 toward postpetition arrears; and making specified ongoing payments beginning August 1, 2026.
8. Appellant mailed a check for $4,489.44 to SN Servicing Corporation at the payment address stated in its Proof of Claim and notified Appellee's counsel. Appellant is contemporaneously filing the amended Schedule I required by Bankruptcy Dkt. No. 44 and intends to comply with the continuing payment conditions imposed by the Bankruptcy Court.
9. Appellant also filed a further amended Chapter 13 plan using Appellee's asserted cure amount of $90,721.37, while preserving his right to object to unsupported components of the claim. Bankruptcy Dkt. No. 43. The plan provides for $800 monthly Trustee payments and quarterly supplemental payments funded through bonus income.

**LEGAL STANDARD**

Federal Rule of Bankruptcy Procedure 8007(b) permits a party to seek a stay pending appeal in the District Court after first seeking relief in the Bankruptcy Court. The motion must state whether the Bankruptcy Court ruled and the reasons it gave, provide the reasons and facts supporting relief, include

sworn support for disputed facts, include relevant portions of the record, and provide reasonable notice to affected parties.

The applicable factors are: (1) whether the movant has made a strong showing of likely success on the merits; (2) whether the movant will suffer irreparable injury absent a stay; (3) whether a stay will substantially injure other interested parties; and (4) where the public interest lies. Nken v. Holder, 556 U.S. 418, 426, 434 (2009); Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

In the Second Circuit, serious questions going to the merits, combined with a balance of hardships tipping decidedly toward the movant, may support interim relief. Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35–38 (2d Cir. 2010).

**ARGUMENT**

I. THE BANKRUPTCY COURT'S FINDINGS STRONGLY SUPPORT CONTINUING THE STAY.

The Bankruptcy Court already found actual and imminent irreparable harm. It held that a foreclosure sale could cause Appellant to lose his primary residence, threaten his employment because he works from home, impair his ability to fund Chapter 13, and eliminate the practical ability to pursue the reorganization. It further held that those harms could not adequately be remedied by money.

Those findings remain true. If the stay lapses before this Court decides the appeal, Appellee may renew the Article 9 sale process and transfer Appellant's cooperative shares and dwelling rights. A later appellate victory could then provide no practical means of restoring the status quo.

II. THE BALANCE OF HARMS FAVORS CONTINUATION OF THE LIMITED STAY.

The Bankruptcy Court found that Appellee's only identifiable harm was temporary delay and that the record showed no rapid deterioration in collateral value or material worsening of Appellee's position. It therefore held that any prejudice arising from delay was outweighed by the risk of irreparable harm to Appellant.

The stay leaves Appellee's lien, claim, and ultimate enforcement rights intact. Appellant remains subject to substantial payment conditions designed to protect Appellee. Continuing the stay therefore preserves the status quo without determining the merits of the appeal.

III. THE APPEAL PRESENTS SERIOUS QUESTIONS THAT SHOULD BE REVIEWED BEFORE AN IRREVERSIBLE SALE.

Appellant acknowledges that an appeal from the denial of Rule 60(b) relief is reviewed for abuse of discretion and that the Bankruptcy Court found the first Nken factor weighed against him. The appeal nevertheless presents serious and nonfrivolous questions.

First, Appellant's pro se motion alleged that the stay-relief order rested on an incomplete or mistaken factual record concerning postpetition payments, his written opposition, and his participation in the stay-relief proceedings. The appeal presents whether those allegations should have been liberally construed as invoking mistake, inadvertence, surprise, or excusable neglect under Rule 60(b)(1), notwithstanding Appellant's failure to cite a particular subsection with precision.

Second, the Bankruptcy Court relied in part on nonappearance and lack of good cause. The record includes contemporaneous evidence that Appellant entered or connected to the February 26 and March 19 remote proceedings, remained connected through CourtSolutions for approximately 168 minutes on February 26, communicated with the Courtroom Deputy concerning ZoomGov access, and did not knowingly abandon his written opposition.

The appeal presents whether the nonappearance premise and the surrounding procedural record were assessed consistently with Rule 60 and the liberal construction afforded to pro se filings.

Third, the appeal presents whether sufficient weight was given to the prospective and equitable consequences of the stay-relief order. Appellant submitted evidence of postpetition payments, later lost access to the ordinary servicing payment portal, continued Trustee payments, and repeatedly represented that he sought to cure allowed arrears rather than avoid repayment.

The Court need not resolve those questions on this motion. The narrow issue is whether the property should remain preserved while the Court reviews them. Because the harm is irreversible and the balance of hardships decidedly favors Appellant, continuation of the stay is warranted.

## IV. THE CURRENT PLAN AND SECURITY CONDITIONS SHOW THAT CONTINUING THE STAY IS NOT FUTILE.

Since the order under review, Appellant has filed a plan that uses Appellee's full asserted cure amount of $90,721.37 for feasibility purposes. The Chapter 13 Trustee has advised Appellant that he is ahead on plan payments.

The Bankruptcy Court also imposed specific security conditions, including the $4,489.44 lump-sum payment and recurring monthly and quarterly payments.

These developments do not ask this Court to confirm the plan through the present motion. They demonstrate that preserving the property is not futile and that Appellee can be protected while appellate review proceeds.

## V. THE PUBLIC INTEREST SUPPORTS MEANINGFUL APPELLATE REVIEW.

The Bankruptcy Court found the public-interest factor neutral, recognizing both the interest in finality and the interest in meaningful appellate access. Continuation of the stay appropriately respects both interests.

Continuing the stay does not vacate the orders below or determine the appeal. It merely prevents an irreversible transfer before this Court can perform its appellate function.

**RELIEF REQUESTED**

Appellant respectfully requests that the Court:

1. Continue the limited stay entered by the Bankruptcy Court at Bankruptcy Dkt. No. 44 until disposition of this appeal or further order of this Court;

2. Continue to prohibit Appellee, SN Servicing Corporation, Friedman Vartolo LLP, and persons acting in concert with them from conducting or completing a disposition of the cooperative shares, proprietary lease, and related collateral associated with Appellant's residence while the stay remains in effect;

3. Maintain the security and payment conditions imposed by the Bankruptcy Court, or impose such modified conditions as this Court deems appropriate; and

4. Grant such other and further relief as the Court deems just and proper.

Dated: July 17, 2026
New York, New York

Respectfully submitted,

Christian A Vargas

Christian Aleksander Vargas
Appellant, Pro Se

**VERIFICATION UNDER 28 U.S.C. § 1746**

I, Christian Aleksander Vargas, declare under penalty of perjury that the factual statements above concerning my residence, employment, payment tender, amended plan, Trustee-payment status, and intended compliance with Bankruptcy Dkt. No. 44 are true and correct to the best of my personal knowledge.

Executed on July 17, 2026, in New York, New York.

Christian Aleksander Vargas

**CERTIFICATE OF COMPLIANCE**

I certify that this computer-prepared memorandum contains no more than 1,812 words, excluding material exempted under Local Civil Rule 7.1(c), and complies with the applicable word limit.

Christian Aleksander Vargas

**CERTIFICATE OF SERVICE**

I certify that on July 17, 2026, I submitted this motion through the Southern District of New York Pro Se Intake Unit and provided a same-day copy by email to counsel for Appellee at:

Michael T. Rozea, Esq.
Friedman Vartolo LLP
Counsel for Appellee
mrozea@friedmanvartolo.com
BKLitigation@friedmanvartolo.com

Thomas C. Frost, Esq.
Chapter 13 Standing Trustee
info@frostsdny13.com

I declare under penalty of perjury that the foregoing is true and correct.

Christian Aleksander Vargas

Christian Aleksander Vargas